**Willie WINTERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16407.**

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

Don Anderson, Public Defender, Oklahoma County, Okla., for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Willie Winters, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County of the offense of Assault and Battery With A Dangerous Weapon; punishment was fixed at five (5) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that Mattie Hopkins was over 90 years old and lived between Jones and Spencer in Oklahoma County. She testified that she hired defendant to paint a porch on her house for six ($6.00) dollars, using her paint. The defendant did part of the work but did not finish it. Defendant returned sometime later and demanded his pay, which she refused because the work was unfinished. She testified that defendant jerked her screen door open and knocked her down, saying "I might kill you." The struggle progressed into the house where she got a gun. Defendant grabbed the gun and both pulled on it until it came apart. Defendant struck her a number of times with his fists and also with the gunstock. Mrs. Hopkins was hospitalized three days.

George Doughty of the Oklahoma City Police Department answered a call and went to Mrs. Hopkins' house about 4:30 P.M. that day. He testified about observing blood on the front porch, on the telephone, and seeing a shotgun with a broken stock. He was present when pictures were taken of these items and identified the photographs.

Officer Robertson of the Oklahoma City Police Department testified about taking the photographs at the house, and also about taking a picture of Mrs. Hopkins at the hospital.

Lloyd Robertson testified about seeing Mrs. Hopkins that afternoon bleeding and with blood on her clothes. He saw defendant about five minutes later about one half block from her house and called the police.

Defendant testified that he was hired by Mrs. Hopkins to paint her porch for six ($6.00) dollars, which he completed. She then wanted him to do all the finish trim on her house, but there was no lumber or material. He told her he had finished the painting, but she said nothing about paying him, "so I just let it go on, you know for a while." Sometime later on a Sunday he returned and asked for his pay, whereupon she replied that she would not pay him and ordered him out of her house. She reached for the gun and hit him with it. He then took the gun away from her and hit her with it and then left, taking the gun with him. He discovered that it was loaded. He denied ever threatening to kill Mrs. Hopkins, and left because he was afraid she might have another gun.

The defendant's first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant is guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn since it is the exclusive province of the jury to weigh the evidence and determine the facts.

The final proposition contends that the punishment is excessive, but from the foregoing recital of facts, we cannot say that the five-year sentence shocks the conscience of this Court.

The record is free of any error which would justify modification or reversal and the judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.